Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| HDZ TRANSPORT SERVICES LLC<br><br>Peticionario<br><br>v.<br><br>LUIS GUILLERMO HERNÁNDEZ RIVERA Y SU ESPOSA ALVIA ROSADO FALCÓN Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Recurrido | TA2026CE00422 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil núm.: CA2025CV01384 (502)<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de mayo de 2026.

Comparece ante este tribunal apelativo, HDZ Transport Services, LLC (HDZ o parte peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revisemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), el 11 de marzo de 2026, notificada al día siguiente. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la solicitud para la cancelación de anotación de hogar seguro y referido a Fiscalía presentada por HDZ.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* solicitado y modificamos el dictamen recurrido.

**I.**

El 23 de septiembre de 2025, notificada al día siguiente, el TPI emitió la Sentencia en rebeldía condenando al Sr. Luis Guillermo

Hernández Rivera y a su esposa, Sra. Alvia Rosado Falcon, y a la Sociedad de Gananciales compuesta por ambos (los recurridos) al pago de $70,000 y otras partidas allí consignadas, más intereses.[1]

El 2 de febrero de 2026, HDZ instó ante el TPI una *Moción Solicitando Embargo y Ejecución de Sentencia* en la que peticionó el embargo de varios bienes inmuebles de los recurridos para satisfacer el pago de las cantidades adjudicadas en la antedicha Sentencia.[2] Los recurridos se opusieron al pedido, más instaron varias mociones en las que alegaron nulidad de la sentencia, argumentos denegados por el foro *a quo*.

En lo que nos concierne, el 4 de marzo de 2026, HDZ presentó ante el foro primario una *Nueva Moción Solicitando Embargo y Ejecución de Sentencia*.[3] En esta, requirió el embargo de un inmueble sito en el pueblo de Guaynabo, el cual consta inscrito a favor de los recurridos. Además, se advirtió que el mismo no tiene gravamen.

En ese mismo día, HDZ presentó una *Moción en Solicitud de Orden*.[4] En la referida moción, la parte peticionaria arguyó que los recurridos poseían dos propiedades con inscripción de hogar seguro en el Registro de la Propiedad, específicamente, en las regiones de Bayamón, Sección I, y Guaynabo, Sección I. Adujo, además, que según consta de la comparecencia de los recurridos, su vivienda principal es realmente el inmueble con número de finca 72010, que ubica en la Urb. Panorama Village en el pueblo Bayamón. Añadió que, siendo la finca de Bayamón la vivienda principal de los recurridos, le solicitaba al foro primario la cancelación de la anotación sobre la finca sita en el Barrio los Frailes en el municipio de Guaynabo, con número de finca 2167. Finalmente, bajo el

---

[1] SUMAC TPI, Entrada núm. 22.
[2] SUMAC TPI, Entrada núm. 30.
[3] Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), Entrada núm. 40.
[4] SUMAC TPI, Entrada núm. 41.

fundamento de que se trata de una inscripción ilegal de la anotación de hogar seguro, solicitó al foro recurrido que ordenara un referido a fiscalía.

El 12 de marzo de 2026, notificada el mismo día, el TPI emitió la *Orden* recurrida declarando *No Ha Lugar* a la solicitud para la cancelación de anotación de hogar seguro.[5] Además, determinó que "[c]on relación a la solicitud de referido a Fiscalía, la parte demandante [peticionario] puede acudir directamente a presentar lo que estime pertinente".[6]

Inconforme con la determinación, el 13 de marzo, HDZ presentó una *Moción de Reconsideración*.[7] El 24 de marzo de 2026, notificada el 26 de marzo, el TPI emitió una Resolución[8] resolviendo lo siguiente:

> Atendida la moción de reconsideración de la parte demandante, se provee no ha lugar. No se han presentado argumentos que muevan al Tribunal a modificar su determinación.

Todavía en desacuerdo, la parte peticionaria acude ante esta *Curia* imputándole al foro primario haber cometido el siguiente error:

> ERRÓ EL TPI AL DECLARAR NO HA LUGAR A LA SOLICITUD DE ORDEN PARA CANCELAR LA INSCRIPCIÓN DE HOGAR SEGURO Y REFERIR EL ASUNTO A FISCALÍA A PESAR DE ESTAR GOZANDO DE UNA ANOTACIÓN DE HOGAR SEGURO ILEGAL.

El 9 de abril de 2026, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 20 de abril de 2026 para expresarse. Llegado ese día, la parte recurrida no cumplió con lo ordenado, por lo que decretamos perfeccionado el recurso y resolvemos sin el beneficio de su comparecencia.

---

[5] SUMAC TPI, Entrada núm. 49.
[6] *Íd.*
[7] SUMAC TPI, Entrada núm. 51.
[8] SUMAC TPI, Entrada núm. 52.

Analizados el recurso y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. *García v. Padró,* 165 DPR 324, 334 (2005). Como regla general, todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

Precisamente, la Regla 52.1 de Procedimiento Civil fue enmendada significativamente para limitar la autoridad de este tribunal para revisar, por medio del recurso discrecional del *certiorari,* las órdenes y resoluciones interlocutorias dictadas por los Tribunales de Primera Instancia. Posterior a su aprobación, el texto de la referida Regla fue enmendado nuevamente por la Ley núm. 177-2010 y dispone que solamente podemos expedir dicho recurso cuando se recurra de un dictamen emitido bajo las Reglas 56 y 57 de Procedimiento Civil o cuando se trate de una denegatoria de una moción de carácter dispositivo. Adicional, como excepción según la referida norma, podemos revisar asuntos interlocutorios relacionados a (1) la admisibilidad de testigos de hechos o peritos esenciales, (2) asuntos relativos a privilegios evidenciarios, (3) anotaciones de rebeldía, (4) en casos de relaciones de familia, (5) en casos que revistan interés público o (6) en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia." Regla 52.1 de Procedimiento Civil, *supra.*

En este sentido, es harto conocido que la Regla 52.1 *no es extensiva a asuntos post sentencia.* Ello, según lo establecido por nuestro Tribunal Supremo en el caso *IG Builders v. BBVAPR,* donde el más alto foro ha advertido que "las resoluciones atinentes a

asuntos post sentencia no se encuentran incluidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari". IG Builders v. BBVAPR*, 185 DPR 307, 339 (2012). Ahora bien, en el referido caso se problematizó la situación en la que las determinaciones post sentencia, por no ser de carácter dispositivo, tampoco se podían recurrir mediante apelación. Así, el Tribunal Supremo razonó que, para no quedar desprovistas de revisión, las determinaciones post sentencias pueden ser revisadas por el foro intermedio al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *infra.*

Por consiguiente, para determinar si procede la expedición de un recurso de *certiorari* en el que se recurre de alguna determinación post sentencia, debemos acudir directamente a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025), que dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen

que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163, 176 (2020).

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140,155 (2000).

### III.

En esencia, el peticionario arguyó que el foro primario incidió al declarar *No Ha Lugar* a la solicitud de orden para cancelar la inscripción de hogar seguro y referir el asunto a Fiscalía. A su vez, señaló que el Tribunal de Apelaciones tiene jurisdicción para acoger el recurso de epígrafe, recurriendo una determinación sobre un asunto post sentencia, al amparo de la Regla 52.1 (e) [sic] de las de Procedimiento Civil, *supra*, y las Reglas 32 y 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Destacamos que, como discutimos en el derecho precedente, la Regla 52.1 de las de Procedimiento Civil, *supra*, no es extensiva a las determinaciones post sentencia. *IG Builders v. BBVAPR*, supra, a la pág. 339. De manera que, cuando la parte adversamente afectada por una determinación en un asunto post sentencia presenta un recurso de c*ertiorari* solicitando nuestra intervención, debemos analizarlo al amparo de la Regla 40 de nuestro reglamento.

Ahora bien, examinado el recurso de *certiorari* al palio de la Regla 40, antes citada, y analizados los planteamientos esbozados

por la parte peticionaria, resolvemos que están presentes algunos de los criterios necesarios para intervenir con la determinación recurrida. Al respecto, precisa puntualizar que la interferencia de este foro con las decisiones arribadas por los tribunales de primera instancia solo procede en situaciones en las que se demuestre que este: "(1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Por su parte, la Ley 195 del 13 de septiembre de 2011 conocida como la *Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar*, 31 LPRA sec. 1858 *et. seq.*, según enmendada, (Ley núm. 195-2011), confiere a todo individuo o jefe de familia domiciliado en Puerto Rico el derecho irrenunciable a poseer y disfrutar, en concepto de hogar seguro, una vivienda que le pertenezca o posea legalmente, siempre y cuando estuviere ocupada por este o por su familia exclusivamente como residencia principal. Artículo 3 de la Ley, 31 LPRA sec. 1858. Salvo unas excepciones puntuales, este derecho protege a la propiedad de embargo, sentencia o ejecución ejercitada para el pago de todas las deudas. Artículo 5 del estatuto, 31 LPRA sec. 1858b. Asimismo, el propósito de la ley es brindar "una mayor protección al hogar o residencia principal de todos los domiciliados en Puerto Rico y sus respectivas familias". (Exposición de Motivos)

El Tribunal Supremo de Puerto Rico ha "sostenido que, en Puerto Rico, como en toda sociedad civilizada, hay un eminente interés social en proteger y fomentar la adquisición por cada familia de una vivienda segura, cómoda y adecuada, reflejado en una política pública de claros perfiles en la profusa legislación aprobada a lo largo de los años". *Cruz v. Irizarry*, 107 DPR 655, 661 (1978).

En lo aquí pertinente, el Artículo 12 del estatuto intitulado *Reclamación de hogar seguro en venta por sentencia o ejecución*, 31 LPRA sec. 1858i, dispone que:

> La solicitud del beneficio de hogar seguro se hará mediante moción que se presentará en el tribunal, dentro del término de treinta (30) días a contar desde la fecha en que se solicita la ejecución de propiedades pertenecientes al demandado para satisfacer una sentencia dictada por un tribunal competente; o a partir del momento en que se solicita un embargo o anotación preventiva o cualquier otro mecanismo preventivo en aseguramiento de sentencia, en contra de las propiedades del demandado.

> Dicha moción deberá ser juramentada por el o los propietarios, incluyendo la descripción registral de la propiedad que se está protegiendo y **de una dación de fe de que el o los propietarios utilizaban dicha propiedad como residencia principal antes del emplazamiento de la demanda por la cual se pide ejecución y de que no han designado como hogar seguro alguna otra propiedad**.

> La parte que solicite la ejecución tendrá diez (10) días para reaccionar a la solicitud de hogar seguro **y de existir controversia el Tribunal podrá citar a una vista evidenciaria, en la cual las partes expondrán sus argumentos y presentarán la evidencia correspondiente para sustentar sus alegaciones**. El tribunal dictará resolución dentro del término de quince (15) días, luego de sometida la prueba. Emitida la resolución, la parte perjudicada podrá apelar la misma dentro del término jurisdiccional de quince (15) días. En los casos donde el Tribunal decida que no aplica el derecho a hogar seguro, no se celebrará una venta judicial en relación a dicho inmueble hasta que dicha resolución sea final y firme.

> No se hará ninguna venta por virtud de sentencia o ejecución de una finca urbana o rústica, cuando se reclamare u ocupare la misma como hogar seguro, inscrita o no inscrita en el Registro de la Propiedad, a menos que aplique alguna de las excepciones dispuestas en el Artículo 4 de esta Ley.

> Sin embargo, podrá darse la venta por virtud de sentencia o ejecución de una finca urbana o rústica en los casos donde la persona luego de emplazada adquiera una propiedad de mayor valor y ésta pase a ser residencia principal. De ocurrir tal situación, la protección de hogar seguro se extenderá hasta el valor de la propiedad protegida al momento del emplazamiento. De igual forma, si al momento del emplazamiento la persona tenía el dinero protegido, según lo dispuesto en el Artículo 7 de esta Ley, la protección será hasta el tope de esa cantidad. [Énfasis nuestro]

Conforme con la disposición, previamente citada, resulta forzoso concluir que erró el TPI al denegar atender la solicitud de

HDZ para que se cancele la anotación de hogar seguro en la propiedad que se alega no constituye la residencia principal de los recurridos. Enfatizamos que el referido Artículo 12 de la Ley núm. 195-2011 diáfanamente preceptúa que la designación como hogar seguro se realiza sobre la propiedad utilizada como residencia principal y los propietarios no han designado como tal algún otro inmueble.

Al respecto, advertimos que en la *Moción en Solicitud de Orden* instada por la parte peticionaria se incluyó dos Certificaciones Registrales que leen, en lo atinente, como sigue:

> **Bayamón: Sección 1**
> **Finca número: 72010**
> **Demarcación: Bayamón Sur**
>
> **Designación de Hogar Seguro por Inscripción**: A favor de Alvia Margarita Rosado Falcón y su esposo Luis Guillermo Hernández Rivera quienes constituyen sobre esta finca el Derecho de Hogar Seguro, Ley 195 del 13 de septiembre de 2011, en virtud de la Escritura Número 38, otorgada en Bayamón a 8 de junio de 2018 ante la Notario Carmen Eunice Alfonso Arroyo, según inscripción 3.
>
> **Guaynabo: Sección 1**
> **Finca número: 2167**
> **Demarcación: Guaynabo**
>
> **Designación de Hogar Seguro por Inscripción**: Afecta por sí a Ley 195 de 13 de septiembre de 2011, conocida como "Ley del Derecho de Protección del Hogar Principal y el Hogar Familiar" a favor de Luis Guillermo Hernández Rivera, soltero, mayor de edad; y Albia Milagros Rosado Falcón, soltera, mayor de edad. En virtud de la escritura número 86 otorgada en San Juan a 21 de agosto de 2020 ante el Notario Público Luis A Arrufat Pimentel, según inscripción 8ª.

Por tanto, y de la lectura de dichas inscripciones subrayamos que el foro recurrido tiene que celebrar una vista evidenciaria para que las partes presenten prueba de sus respectivas alegaciones, y en especial, determinar con prueba fehaciente cuál es la residencia principal designada por los recurridos como el hogar seguro. Así, el TPI estará en condición para emitir la correspondiente resolución sobre el inmueble al cual procede anotar el beneficio de hogar seguro

y luego, dictar la *Orden de Embargo y Ejecución de Sentencia* según solicitada reiteradamente por la parte peticionaria.

De otro lado, apuntalamos que el foro *a quo* actuó correctamente al denegar la pretensión de HDZ respecto a que el tribunal refiera el asunto de la doble anotación de hogar seguro a la Fiscalía. Como bien expresó el TPI, la parte peticionaria puede acudir directamente a presentar ante Fiscalía el reclamo que estime pertinente. Por lo que, no encontramos justificación para variar este dictamen cuya revisión se nos solicita.

**IV.**

Por los fundamentos antes expuestos, expedimos el recurso de *certiorari* solicitado y modificamos la *Orden* recurrida a los únicos efectos de que el Tribunal de Primera Instancia, a la brevedad posible y una vez reciba el mandato, lleve a cabo la vista evidenciaria conforme a los pronunciamientos expresados. Así modificada, se confirma en los restantes extremos.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones